UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HALLMARK,

                              Plaintiff,

v.                                                    Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Michael Hallmark is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic business company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt.  This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by the current creditor to collect on the subject debt.

13. That in or about January 2010, Defendant contacted Plaintiff's neighbor Bill Marooney.  In the subject conversation Defendant representative asked Mr. Marooney to pass a message on to Plaintiff.  Defendant asked Mr. Marooney to tell Plaintiff that she was from Mercantile and that Plaintiff owed money.  Prior to Defendant's disclosure Mr. Marooney was not aware that Plaintiff owed a debt.  Thereafter the conversation was terminated.

14. That following Mr. Marooney's conversation with Defendant representative, Mr. Marooney informed Plaintiff of the call.  Plaintiff became upset over Defendant's contacted with his neighbor.

15. That on February 25, 2010, Defendant left Plaintiff a message on his voicemail of his cell phone indicating that "a scheduled processing is prepared to be conducted on February 27, 2010 on that morning" and that the matter is "finalized and expedited due to a lack of correspondence."

16. That Plaintiff reasonably believed, as the "least sophisticated consumer", as that term is defined by law would have believed, that Defendant's statements described above were threatening the imminent filing of a lawsuit.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2) for contacting Plaintiff's neighbor and disclosing that Plaintiff owed a debt.

    B. Defendant violated 15 U.S.C. §1692b(1) by calling Plaintiff's neighbor and failing to state they were to confirming or correcting location information.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 2, 2010

/s/ Seth Andrews_____
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com